UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRUMATE, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>FROST BUDDY LLC,<br><br>    Defendant. | Case No. 1:20-cv-01981<br><br>Jury Trial Demanded |

## COMPLAINT

Brumate, LLC ("Plaintiff"), by counsel, for its Complaint against Frost Buddy LLC ("Defendant"), states as follows:

### THE PARTIES

1. Plaintiff is a Colorado limited liability company with its principal place of business at 2061 York Street, Denver, CO 80205.

2. Defendant is an Illinois limited liability company with a principal place of business at 7492 E. 1000th Ave., Newton, IL 62448.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338, since this action arises in part under the Lanham Act, 15 U.S.C. § 1125. This Court has supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because it does business in this judicial district, has committed statutory torts within this judicial district, and/or has sufficient contacts to subject it to personal jurisdiction in this judicial district. For example, Defendant has

promoted and sold the products at issue in this judicial district and, during at least a portion of the events that led to this lawsuit, Defendant's principal was living in this judicial district.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and/or a substantial part of the events giving rise to the claim incurred in this district.

### ALLEGATIONS COMMON TO ALL COUNTS

### Background on Plaintiff

6. Plaintiff is in the business of designing and distributing insulated beverage containers.

7. Plaintiff's products include its popular HOPSULATOR® insulated tumbler/can holder and its WINESULATOR® insulated wine bottle, images of which are displayed below:

**HOPSULATOR**     **WINESULATOR**

  

8. Plaintiff has extensively and continuously promoted and used its product designs for years in the United States. Through that extensive and continuous promotion and use, Plaintiff has acquired valuable trade dress rights in its product designs.

- 3 -

9. In particular, Plaintiff has acquired trade dress rights in the overall look and feel of its HOPSULATOR product, including the non-functional shape of the HOPSULATOR product and the manner in which the HOPSULATOR product tapers in the middle, as shown in the image above (the "HOPSULATOR Trade Dress"). The HOPSULATOR Trade Dress is further demonstrated by the following images from a pending design patent application filed by Plaintiff:



**Front View**     **Side View**

10. Since Plaintiff launched its HOPSULATOR product in 2017, it has invested heavily in its promotion, with millions of dollars spent advertising the HOPSULATOR product and its unique design elements.

11. As a result of Plaintiff's marketing efforts, Plaintiff and its HOPSULATOR product have become very popular with consumers. As of the date of this Complaint, Plaintiff had over 500,000 Facebook followers and over 300,000 Instagram followers. Moreover, Plaintiff has sold millions of dollars' worth of HOPSULATOR products.

12. In addition to sales, the HOPSULATOR Product has received widespread and unsolicited public attention. For example, the HOPSULATOR Product has been featured in numerous online articles and reviews.

13. As a result of Plaintiff's successful efforts in marketing and selling the HOPSULATOR product, consumers have come to recognize the HOPSULATOR Trade Dress and identify the HOPSULATOR Trade Dress as being uniquely associated with Plaintiff. As such, Plaintiff has acquired secondary meaning in the HOPSULATOR Trade Dress.

**Defendant and its Wrongful Conduct**

14. Defendant has recently begun selling its own insulated beverage containers. In doing so, Defendant has knocked-off the HOPSULATOR Trade Dress and distributed false and deceptive advertising materials in an attempt to confuse and mislead consumers about both Plaintiff's products and Defendant's products.

15. Defendant sells a product that is a knockoff of the HOPSULATOR product, as it incorporates the HOPSULATOR Trade Dress as shown by the following side-by-side images:

| PLAINTIFF'S PRODUCT | DEFENDANT'S PRODUCT |
|---|---|
|  |  |

16. Defendant's use of the HOPSULATOR Trade Dress in connection with its own product is likely to cause consumers to mistakenly believe that Defendant's product is associated with Plaintiff.

17. In addition to adopting the HOPSULATOR Trade Dress, Defendant has also engaged in deceptive and misleading advertising.

18. In one such instance, Defendant posted the following advertisement comparing its product to Plaintiff's HOPSULATOR product:



19. This advertisement was targeted at Plaintiff's consumers and falsely states that the HOPSULATOR product does not hold slim cans or bottles.

20. Defendant has also engaged in deceptive advertising with regard to Plaintiff's WINESULATOR product. For example, in the Facebook advertisement displayed below,

Defendant photoshopped its own logo on to images of Plaintiff's WINESULATOR product in order to make it seem like it was a product manufactured and distributed by Defendant:



21. Defendant has also copied aspects of Plaintiff's website and other marketing materials. For example, the following are side-by-side images of Plaintiff's website and Defendant's website that show wholesale copying of icons and other content from Plaintiff's website:



22. All of the foregoing activities were intended to mislead and confuse consumers for the benefit of Defendant.

**COUNT I**
**Trade Dress Infringement Under 15 U.S.C. § 1125(a)**

23. Plaintiff incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

24. Plaintiff has acquired trade dress rights in the overall look and feel of its HOPSULATOR product, including the shape of the HOPSULATOR product and the manner in which the HOPSULATOR product tapers in the middle.

25. The HOPSULATOR Trade Dress is entitled to protection under the Lanham Act, as: (a) The HOPSULATOR Trade Dress includes unique, distinctive, and non-functional designs; and (b) the HOPSULATOR Trade Dress has acquired distinctiveness through Plaintiff's extensive and continuous promotion and use of the HOPSULATOR Trade Dress in the United States.

26. Defendant is selling its own product that incorporates the features of the HOPSULATOR Trade Dress.

27. Defendant's promotion and sale of this product is likely to cause consumers to mistakenly believe that Defendant's product is associated with Plaintiff in violation of 15 U.S.C § 1125(a).

28. Defendant has unlawfully and wrongfully derived and, unless enjoined, will continue to derive, income and profits from its wrongful conduct.

29. Plaintiff has been and is likely to be damaged by Defendant's wrongful conduct.

## COUNT II
## False Advertising and Unfair Competition Under 15 U.S.C. § 1125(a)

30. Plaintiff incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

31. Defendant's acts, practices and conduct in distributing false and misleading advertising materials constitute unfair competition, false designation of origin, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or to cause mistake and to deceive others in violation of 15 U.S.C § 1125(a).

32. Defendant has unlawfully and wrongfully derived and, unless enjoined, will continue to derive, income and profits from its wrongful conduct.

33. Plaintiff has been and is likely to be damaged by Defendant's wrongful conduct.

## COUNT III
### Deception in Violation of Ind. Code § 35-43-5-3

34. Plaintiff incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

35. Defendant's acts, practices and conduct constitute deception, in violation Ind. Code § 35-43-5-3(a)(9), in that Defendant has disseminated to the public advertisements that Defendant knew to be false, misleading, and/or deceptive, with intent to promote the purchase or sale of Defendant's products.

36. As a direct and proximate result of Defendant's deception under Ind. Code § 35-43-5-3(a)(9), Plaintiff has sustained pecuniary loss in an amount to be proven at trial, plus prejudgment interest.

37. Pursuant to the Indiana Crime Victims Act, Ind. Code § 34-24-3-1, Plaintiffs is entitled to recover additional damages in an amount three times its actual pecuniary loss resulting from Defendant's deception under Ind. Code § 35-43-5-3(a)(9). Plaintiff is also entitled to recover its reasonable attorneys' fees and expenses.

## COUNT IV
### Common Law Unfair Competition under Indiana Law

38. Plaintiff incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

39. Defendant's acts, practices, and conduct, as alleged herein, constitute common law unfair competition under the laws of the State of Indiana, in that Defendant has distributed false

and misleading advertising materials about both Plaintiff's products and Defendant's products and undertaken other conduct that is likely to cause consumer confusion or mistake.

40. As a direct and proximate result of Defendant's unfair competition, Plaintiff has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

41. Defendant has unlawfully and wrongfully derived and, unless enjoined, will continue to derive, income and profits from its unfair conduct.

42. Plaintiff is entitled to recover damages for Defendant's unfair competition.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment and relief as follows:

1. Judgment that Defendant has (i) infringed the HOPSULATOR Trade Dress in violation of 15 U.S.C. § 1125(a); (ii) engaged in unfair competition and false advertising in violation of 15 U.S.C. § 1125(a); (iii) engaged in deception in violation of Ind. Code § 35-43-5-3(a)(9); and (iv) engaged in unfair competition in violation of Indiana common law.

2. An injunction against further infringement of the HOPSULATOR Trade Dress, and further acts of unfair competition, false advertising, and deception by Defendant and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from: (a) selling, offering to sell, distributing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of HOPSULATOR Trade Dress; and (b) distributing false and/or misleading advertising materials;

3. An Order directing Defendant to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4. An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of the HOPSULATOR Trade Dress in Defendant's possession or control, (iii) all plates, molds, and other means of making the infringing products in Defendant's possession, custody, or control, and (iv) all advertising materials related to the infringing products in Defendant's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5. An award of Defendant's profits, Plaintiff's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 1116, and 1117 and Ind. Code § 35-43-5-3(a)(9); and

6. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

s/*Bradley M. Stohry*
Bradley M. Stohry
REICHEL STOHRY DEAN LLP
212 West 10th Street, Suite A-285
Indianapolis, IN 46202
p: (317) 423-8820
f: (317) 454-1349
e: brad@rsindy.com